IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHERYL SAVAGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-CV-3200 |
| | ) | |
| PREMIER BANK OF JACKSONVILLE, | ) | |
| TOWN AND COUNTY BANK OF | ) | |
| JACKSONVILLE, PAUL WHITE, | ) | |
| and EDDIE CARPENTER, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Application to Proceed in District Court Without Prepaying Fees or Costs (d/e 2). This is one of four cases Plaintiff Cheryl Savage has filed in in this Court during the month of August 2019.[1] Plaintiff has not paid the filing fee but has filed an affidavit demonstrating she is unable to prepay fees or costs associated with filing this action. Therefore,

---

[1] Cheryl Savage, John Rutherford, and Patricia Rutherford previously filed a complaint against Premier Bank of Jacksonville, Paul White, and Eddie Carpenter in Central District of Illinois Case No. 16-3032. Plaintiffs voluntarily dismissed the case in June 2016.

the Application to Proceed in District Court Without Prepaying Fees or Costs is GRANTED.

This Court must dismiss any case brought in forma pauperis if the case fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff lacks standing to bring this claim, the Complaint is dismissed without prejudice.

## I. FACTUAL ALLEGATIONS

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted). The following facts come from the Complaint.

Ms. Savage names as Defendants in the caption of her lawsuit Premier Bank of Jacksonville (Premier Bank); Town and Country Bank of Jacksonville (Town and Country); Paul White, former CEO of Premier Bank and president of Town and County; and Eddie Carpenter, an attorney with Premier Bank. Plaintiff alleges that Premier Bank started a foreclosure against Plaintiff in April 2011.

By the end of 2012, Plaintiff did not have the money to pay Premier Bank. Premier Bank started bullying Plaintiff's daughter and her daughter's husband, Jill and Andrew Frost, with phone calls to "do something about it or else." In January 2013, Jill was served a fraudulent judgment and had to go to court. Jill became ill with stomach aches and had her uterus removed by the end of 2013. Jill Frost died in July 2015. Premier Bank finally dismissed the Frosts from the case in July 2016. Plaintiff describes her injuries as follows:

> Fraudulently served Jill Frost with Motion for default judgment 1-2-2014. Jill Frost became ill. By Oct 2013, had uteri[ne] Cancer. Plaintiff's attorney filed to dismiss Frosts from Plaintiff's Foreclosure 5/22/2014. Jill died 7/29/2015 & Bank dismisses Frosts 5/5/2016.

Plaintiff seeks compensatory damages of $3 million and punitive damages. The Civil Cover Sheet identifies the causes of action as "Truth in Lending, etc." and "Abusive mortgage violations of the TILA, OCC, CFPB etc." The Complaint form itself invokes jurisdiction under 28 U.S.C. §1331, 28 U.S.C. § 1343(a)(3), and/or 42 U.S.C. § 1983.

## II. ANALYSIS

Plaintiff does not have standing to bring this claim. A federal court's jurisdiction is limited to "Cases" and "Controversies," and no case or controversy exists if the plaintiff lacks standing. U.S. Const. art. III, § 2; Johnson v. U.S. Office of Pers. Mgmt., 783 F.3d 655, 660 (7th Cir. 2015). A plaintiff establishes standing by showing (1) that she suffered an injury that is (a) concrete and particularized and (b) actual or imminent; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) that it is likely that a favorable decision will redress the injury. Berger v. Nat'l Collegiate Athletic Ass'n, 843 F.3d 285, 289 (7th Cir. 2016). A plaintiff generally must assert her own legal rights and interests and cannot rest her claim to relief on the legal rights or interests of third parties. Swanson v. City of Chetek, 719 F.3d 780, 783 (7th Cir. 2013).

Here, Plaintiff alleges various harms suffered by Jill Frost. Plaintiff does not allege that she suffered any injury from the alleged conduct by Defendants. Therefore, the Court dismisses this case without prejudice for lack of jurisdiction.

**IT IS THEREFORE ORDERED THAT:**

(1)  The Application to Proceed in District Court Without Prepaying Fees or Costs (d/e 2) is GRANTED.

(2)  This case is DISMISSED without prejudice for lack of standing.

(3)  Because amendment would be futile, the Clerk is DIRECTED to close this case.

**ENTERED: September 13, 2019**

**FOR THE COURT:**

    *s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE**